IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICK J. PUTTICK,

        Defendant/Petitioner,        Case No. 3:03 CR 739
                                                  3:12 CV 1946

    -vs-
                                                       MEMORANDUM OPINION

UNITED STATES OF AMERICA,

        Defendant.

J. Katz,

       Petitioner, Patrick J. Puttick, acting *pro se*, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. In that Petition he alleges that he received ineffective assistance of legal counsel. The Government has filed a response (Doc. No. 2208) and Petitioner has filed a reply (Doc. No. 2209). The Court will deny Petitioner's motion.

       In the Government's response it has outlined a statement of the case commencing in 1997 with an FBI and state law investigation into the Green region of the Outlaw Motorcycle Club. The Court adopts herein the Government's "Statement of the Case". Suffice to say that in June 2004, a federal jury convicted Puttick of RICO conspiracy stemming from his activities in the Outlaw Motorcycle Club but acquitted him of the remaining counts of the indictment as to which he was charged. His Presentence Report attributed 144 kilograms of cocaine to him; that yielded an initial offense level of 36 and the Probation Officer recommended a four level enhancement for his role as a leader of criminal activity involving five or more participants. At sentencing the Court lowered Puttick's offense level to 39, applying only a three level enhancement for his role in the criminal organization. The resultant Guideline Range exceeded the statutory maximum of 240 months and the Court sentenced Puttick to that statutory maximum.

After a series of appeals and resentencing based upon various matters as outlined in the Government's response, the Sixth Circuit finally affirmed this Court's sentence. *See United States v. Puttick*, 445 F. App'x 833, 2011 WL 5383088 (6th Cir. 2011)(unpublished), *cert. denied,* 132 S.Ct. 1769 (March 19, 2012)(No. 11-985).

## STATEMENT OF THE LAW

In order to obtain relief under § 2255 on the basis of a non-constitutional error, a defendant must show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 39, 353 (1994). Non-constitutional claims not raised at trial or on direct appeal are waived for collateral review except for the errors resulting in something akin to denial of due process. *Grant v. U.S.* 32 F.3rd 503 (6th Cir. 1996).

The record in the case must reflect an error of constitutional magnitude which had a substantial and injurious affect or influence on the proceedings in order to obtain relief on the basis of a constitutional error. *Brecht v. Abrahamson*, 507 U. S. 619, 637 (1993). Claims which could have been raised on direct appeal, but were not, are barred from further review.

*Strickland v. Washington,* 466 U.S. 668 (1984) governs ineffective assistance of counsel claims with its two element test. First, a petitioner must initially prove that counsel's performance was deficient by a showing that the attorney's representation fell below an objective standard of reasonableness under prevailing professional norms. Second, petitioner must show that counsel's deficient performance prejudiced the petitioner by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id* at 687.

**DISCUSSION**

The initial complaint lodged by Puttick is that he was denied counsel at a critical stage of the trial.  The Court obviously sat through the entire approximately three month trial of this case and clearly recalls the situation with regard to his attorney, Maridee Costanzo.  On the day in question, she reported first thing in the morning and appeared and indicated she was ill; she asked to be excused; an inquiry by the Court indicated that she had arranged with another member of the defense attorneys to serve as  backup counsel to Mr. Puttick during her absence.  After inquiry Mr. Puttick indicated he was satisfied and agreed to her absence.  That inquiry was conducted by the Court and a review of the transcript shows that no testimony mentioned Patrick Puttick the rest of the day after Ms. Costanzo completed her cross examination of a Government witness and was excused.  It appears clearly to the Court that the Defendant knowingly and intelligently accepted substitute counsel after being advised of his right under the Sixth Amendment to the United States Constitution to have his own counsel, his right to reject substitute counsel of one of his co-defendants or his right to continue the matter as to him.  The Supreme Court stated in *United States v. Cronic,* 466 U.S. 648 (1984), that "The presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial." *Id.* at 659.  The Sixth Circuit defined a "critical stage" of trial in *Olden v. United States*, 224 F.3d 561, at 568.  Puttick was not without representation as he expressly approved his attorney's illness-related absence, and expressly approved substitution of backup counsel.  Moreover, this was not at a critical stage of the trial because his name was not mentioned the rest of the day. Puttick cannot demonstrate he was prejudiced and, therefore, his claim for ineffective assistance of counsel must be denied.

Because Puttick was not without representation after his attorney was excused for illness; he expressly gave his approval to her absence and the substitution of backup counsel; and it was not at a critical stage of the trial because his name was not mentioned the rest of the day, his claim of ineffective assistance of counsel must be denied.

Next, Puttick alleges that his trial counsel failed to subject the Government's case to meaningful adversarial testing. That issue is fully discussed beginning in the middle of page 8 of the Government's response. As noted by the Government, in his first appeal the Sixth Circuit wrote that there were no flaws in his conviction. That included the issue of "meaningful adversarial testing". None of Puttick's complaints under this section are cognizable and the claim is denied.

The third issue raised by Puttick's motion is that his trial counsel had a conflict of interest because she was being investigated by the IRS on tax matters, being investigated for criminal activity she was engaged in with others, and she attempted to get Puttick to plead guilty so that she could gain favor from prosecutors and benefit in her own criminal matter. The Government has outlined in detail each of the issues beginning at page 10 and proceeding through the middle of page 18. This Court can add no more. The various issues with regard to attorney Costanzo had no bearing on any issue involving Puttick's case before this Court. It did not create a conflict of interest for the reasons set forth in the Government's Response, in particular, that the investigation of Costanzo was by a different governmental office and totally unrelated to the matter in which Costanzo represented Puttick before this Court. Clearly, counsel's mental health did not adversely affect trial performance as observed by this Court. The reports cited by Puttick involving Costanzo's mental health in 2005 do not address the performance in 2004 during the trial of this

case. Additionally, Puttick cites no instances in which she failed to subject the Government's case to a meaningful adversarial testing. Puttick's claim that a conflict of interest by attorney Costanzo gives rise to ineffective assistance of counsel is denied.

Finally, this Court finds that Puttick's fourth claim, that there were trial errors which had an accumulative adverse affect on his trial, is totally without merit.

## CONCLUSION

For all of the foregoing reasons and, in particular, those raised by the Government and discussed at length in its response lead this Court to deny Petitioner Puttick's § 2255 motion in toto.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE