IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICK J. PUTTICK,

    Defendant/ Petitioner,

    -vs-

UNITED STATES OF AMERICA,

    Plaintiff/Respondent.

Case No. 3:03 CR 739

O R D E R

KATZ, J.

    Petitioner, Patrick J. Puttick, filed a pro se motion under Fed. R. Civ. P. 60(b) requesting relief from a final judgment, order, or proceeding seeking the return of a pick-up truck that was forfeited by voluntary consent on March 1, 2005. (Doc. No. 2224). The Government has filed a response in opposition and the matter is now ripe for a ruling. For the reasons stated below, Petitioner's motion will be dismissed.

    Petitioner was formerly the boss of the Green Region of the Outlaw Motorcycle Club ("OMC"). After a six year investigation into the Green region of the OMC, a grand jury in the Northern District of Ohio returned a 40-count indictment in 2003 charging Petitioner and other defendants with various federal offenses.

    The facts pertaining to this matter are set forth under the statement of the case in the Government's opposition. Briefly, Petitioner was charged in Count 1 with racketeering (RICO), in violation of 18 U.S.C. § 1962(c); Count 2 with RICO conspiracy, in violation of 18 U.S.C. § 1962(d); Count 3 with narcotics conspiracy, in violation of 21 U.S.C. §§ 841(a)(1); and Count 17

use of a communication facility to commit a felony under the Controlled Substances Act in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2.

In June 2004, a federal jury convicted Petitioner of the RICO conspiracy charge under 18 U.S.C. § 1962(d) but acquitted him of the remaining charges for RICO, drug distribution, and use of a communication facility. The Court sentenced Petitioner to 240 months.

On February 23, 2005, the parties filed a Forfeiture Agreement in which Petitioner voluntarily consented to the criminal forfeiture of a 2000 Ford Ranger pick-up truck in exchange for the return of a 1987 Harley Davidson Low-Rider motorcycle and $4,000.00 in seized currency. (Doc. No. 1752). After the Petitioner exhausted his appeals, the Court granted a Final Order of Forfeiture on February 18, 2010. (Doc. No. 2124).

On Petitioner's first direct appeal, the Sixth Circuit affirmed Petitioner's conviction but vacated the sentence and ordered resentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Puttick,* 288 F. App'x 242, 245 (6th Cir. 2008).

At resentencing, Petitioner received the same sentence, but in his second appeal the Sixth Circuit vacated the sentence because an equipment malfunction prevented a complete transcription of the sentencing hearing. *United States v. Puttick*, No. 09-3163 (unpublished order Dec. 11, 2009). The District Court once more imposed a twenty-year sentence, and Petitioner filed a third appeal. The Sixth Circuit affirmed the Court's sentence. *United States v. Puttick*, 445 F. App'x 833, 2011 WL 5383088 (6th Cir. 2011), *cert. denied*, 132 S.Ct. 1769 (March 19, 2012) (No. 11-985).

On July 26, 2012, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court denied this motion, and the Sixth Circuit subsequently

denied a certificate of appealability. *Puttick v. United States*, Case No. 12-4530 (6th Cir. June 19, 2013), *cert. denied*, Case No. 13-6282 (Supreme Court Oct. 15, 2013).

On September 2, 2014, Petitioner filed the instant motion pursuant to Rule 60(b) requesting relief from the Court's Final Forfeiture Order seeking the return of the 2000 Ford pick-up truck, or its equivalent in value. (Doc. No. 2224).

A court may relieve a party from a final judgment, order, or proceeding by a motion under Fed.R.Civ.P. 60(b) for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or (6) any other reason justifying relief from the operation of the judgment.

While Petitioner has not indicated which subsection supports the instant motion, he argues for relief based on co-defendant James "Frank" Wheeler's conviction reversal, and subsequent forfeiture release, for that portion of Wheeler's RICO conspiracy conviction related to similar charges in Florida. (Doc. No. 2224). Thus, the Court construes Petitioner's motion as request for relief under Rule 60(b)(5), that "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated."

The Sixth Circuit ruled that Wheeler's prosecution in Ohio for substantive RICO and conspiracy offenses, after an earlier prosecution in Florida, violated the Double Jeopardy Clause. *United States v. Wheeler*, 535 F.3d 446 (6th Cir. 2008). However, the Sixth Circuit also held that

3

Wheeler's successive indictment for drug conspiracy did not constitute a double jeopardy violation. *Id*.

Petitioner claims that the RICO forfeiture in the Middle District of Florida included a final judgment on the merits, and that the parties or those in privity with them are identical in both cases. (Doc. No. 2224 at 3). Petitioner asserts the same cause of action was involved in both cases, and there were two different districts operating on the same claim.

Dispositive here, Wheeler was the sole defendant in the Florida case, and the Sixth Circuit's ruling that Wheeler's RICO convictions in the Northern District of Ohio violated double jeopardy applied to Wheeler alone. When the Sixth Circuit considered Petitioner's direct appeal, they found "no flaws in his conviction." *Puttick*, 288 F. App'x at 245. As the Government notes, Petitioner voluntarily consented to the forfeiture of the 2000 Ford pick-up truck in exchange for the return of the Harley and $4,000.00 in currency. Accordingly, Petitioner has failed to establish he is entitled to relief under any subsection of Rule 60(b). *See Jinks v. AlliedSignal, Inc*., 250 F.3d 381, 385 (6th Cir. 2001); *see also Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993) ("As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment.").

To the extent Petitioner claims relief under Rule 60(b)(6) for "any other reason justifying relief from the operation of judgment," this argument also fails. Rule 60(b)(6) applies "only in exceptional and extraordinary circumstances "which are not addressed by the other subsections. *Jinks*, 250 F.3d at 387. Simply put, Petitioner has not demonstrated any exceptional circumstances to warrant equitable relief from the Forfeiture Order.

Accordingly, the Court has no jurisdiction to provide the relief Petitioner seeks. For the foregoing reasons, Petitioner's motion requesting relief from final judgement pursuant to Rule 60(b) is denied.

IT IS SO ORDERED.

                                               s/ *David A. Katz*
                                               DAVID A. KATZ
                                               U. S. DISTRICT JUDGE